UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

DAVID A. SPENCER,                                               No. 15-10595 tf7

    Debtor.

H. STEVEN MURPHY and
MKM INVESTMENTS, LLC,

    Plaintiffs,

v.                                                                                Adv. No. 15-01052 t

DAVID A. SPENCER,

    Defendant.

## **MEMORANDUM OPINION**

    The Court must decide whether all damages awarded to Plaintiffs in their state court action against Defendant are nondischargeable. On summary judgment, the Court previously determined that Plaintiffs' claim arising from false liens Defendant filed on Plaintiffs' property was nondischargeable. The Court asked for more evidence tying the damages awarded by the state court to the false lien claims, and allowed Plaintiffs to supplement the record. Having reviewed the supplemental materials, the Court concludes the entire amount awarded by the state court is nondischargeable.

                                   I.      FACTS

    Based on the original summary judgment papers and the supplemental materials, the Court finds that the following facts are not in genuine dispute:

On March 12, 2015, Defendant filed his bankruptcy case. Plaintiffs MKM Investments, LLC ("MKM") and its owner H. Steven Murphy brought this adversary proceeding four months later.

MKM signed an agreement with Defendant to develop real estate near Farmington, New Mexico. The project was unsuccessful. After the business relationship ended, Defendant filed two claims of lien on Plaintiffs' property. On September 23, 2013, Plaintiffs filed a state court action, styled *H. Steven Murphy and MKM Investments LLC v. David A. Spencer, as an individual, and Presidential Construction, Inc.*, cause no. D-1116-CV-2013-01197, asserting causes of action for cancellation of liens, prima facie tort, fraud, abuse of process, malicious abuse of process, and slander of title. All of the counts related to the claims of lien.

The state court tried the action on September 10, 2014. The trial evidence focused entirely on the two claims of lien. Defendant appeared at the trial and defended the claims. The state court ruled for Plaintiffs at the end of the trial and asked their counsel to prepare a form of judgment. On October 8, 2014 the state court issued a written Judgment After September 10, 2014 Hearing (the "Judgment"). The Judgment contained, inter alia, the following findings:[1]

>      1.      The action concerned the filing of two lien claims by the Defendant and Presidential Construction, Inc. against real property owned by Plaintiffs, i.e., a parcel known as #4 Road 3263 and a parcel known as 5601 Preserve Drive.
>
>      2.      On August 7, 2013, Defendant and Presidential filed a Claim of Lien on the Road 3263 Property. In the Road 3263 Lien, Defendant swore under penalty of perjury that there was an agreement for him to provide labor or material for the Road 3263 Property—which Defendant asserted was owned by MKM—between November 14, 2011 and April 29, 2012. It is undisputed, however, that during that time the Clark Spencer Estate, of which Defendant was then the personal representative, owned the Road 3263 Property. MKM bought the Road 3263 Property from the Estate on June 28, 2013.

---

[1] The findings are somewhat paraphrased for the sake of brevity.

3. On August 8, 2013 Defendant and Presidential filed a claim of lien on the Preserve Drive Property. In the Preserve Drive Lien, Defendant swore under penalty of perjury that "In accordance with an agreement to provide labor and/or material and equipment," he provided $670,721.93 of materials and labor to build a house on the Preserve Drive Property. Defendant admitted, however, that neither he nor Presidential supplied any such materials or labor to the Preserve Drive Property.

4. Defendant attempted to support the validity of the Preserve Drive Lien with a purported "Contract for Construction" and a Builder's Risk Policy. However, Murphy was the contractor for the house built on the Preserve Drive Property. Neither Defendant nor Presidential had a contract to build a home on the Preserve Drive Property. The construction contract attached to the Preserve Drive Lien was a forgery.

5. Murphy completed construction of the house on the Preserve Drive Property on March 31, 2011. The Preserve Drive Lien was filed August 8, 2013, less than 25 days after Defendant's arrest, and two years and five months after the Preserve Drive house was completed.

6. As a building contractor, Defendant knew or should have known that a claim of lien must be filed within 120 days after completion of the contract and can only be filed if a contractor supplied the material or labor for the construction. The lien claims did not comply with the New Mexico Materialmen Lien Act and were invalid.

7. On April 30, 2012, Murphy delivered a letter to Defendant outlining Defendant's mismanagement of the Estate. Defendant was removed as personal representative of the Estate because of the mismanagement. On July 17, 2013 Defendant was arrested for embezzlement of Estate assets. Defendant's arrest and charge was a direct and natural result of Murphy's letter.

8. The lien claims were filed in retaliation for Murphy acting as a witness in Defendant's criminal proceeding. Defendant made false statements in order to file the lien claims, which Defendant knew were false and were made with the intent to deceive. When Defendant filed the lien claims, he committed perjury with the intent of harming Plaintiffs. Defendant misused the legal process by wrongfully filing the lien claims. Defendant misused the legal process with the intent to extort and/or harass and/or intimidate Plaintiffs. Defendant's lien claims were frivolous, fraudulent, malicious, and were made without reasonable cause. Defendant's primary motive in misusing the legal process was to accomplish an illegitimate end.

9. Defendant's conduct and actions caused harm and damages to Plaintiffs. Defendant's actions were willful, deliberate, wanton, outrageous, fraudulent and were taken with utter indifference to and conscience disregard of

Plaintiffs' rights. Plaintiffs should be awarded punitive damages to deter such conduct.

Ruling from the bench at the end of the trial, the state court made the following findings on the record:

> The Court finds there w[ere] liens filed when there was no legal basis for doing so. The cost[s] claimed by the Defendant were not challenged. $9,763.69 will be awarded to the Plaintiff. The Court finds this behavior cannot be tolerated in the community. The Court finds to award the [requested][2] punitive damages to the Plaintiff.

The decretal portion of the Judgment states:

> 1. Plaintiffs shall have judgment against Defendant and President Construction, Inc. joint and several in the amount of $9,763.69 in compensatory damages.
>
> 2. Plaintiffs shall be awarded punitive damages against Defendant and President Construction, Inc. joint and several in the amount of $75,000.
>
> 3. Plaintiffs are hereby awarded total judgment in the amount of $84,763.69 ($9,763.69 + $75,000 = $84,763.69) against Defendant and President Construction, Inc. joint and several, with post judgment interest in the amount of 8.75% per annum for a total of $20.32 per day.

After trial, Plaintiffs discovered they incurred an additional $52.95 in costs in connection with the state court action. This amount was not included in the compensatory damages awarded by the state court.

## II. DISCUSSION

A. <u>Summary Judgment Standards</u>. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "[A] party seeking summary

---

[2] Shortly before the Court's oral ruling, Plaintiff asked for $75,000 in punitive damages.

judgment always bears the initial responsibility of informing the … court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment.  *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Defendant's failure to respond to the summary judgment motion does not mean it must be granted.  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party.").  Rather, the Court must "examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."  *Id.*  In doing so, the Court "should accept as true all material facts asserted and properly supported in the" movant's submission.  *Reed,* 312 F.3d at 1195.

B. <u>Prior Ruling</u>.  The Court previously found the Judgment preclusively established Defendant is liable to Plaintiff for "actual fraud" (§ 523(a)(2)(A)) and "willful and malicious injury" (§ 523(a)(6)).  The only remaining issue is whether the damages awarded by the state court are also entitled to preclusive effect.

C. <u>Nondischargeable Damages</u>.  The Supreme Court has held that where compensatory damages awarded in a state court judgment are nondischargeable under § 523(a)(2)(A), all ancillary damages arising from the fraud are also nondischargeable.  *Cohen v. de la Cruz*, 523 U.S. 213 (1998).  This includes punitive damages, fees, and interest.  *See In re Barber*,

326 B.R. 463, 467 (10th Cir. BAP 2005) (punitive damages are nondischargeable under § 523(a)(2)(A), to the extent they are traceable to the fraud); *In re Cupit*, 514 B.R. 42, 57-58 (Bankr. D. Colo. 2014) (interest constitutes part of the nondischargeable debt under *Cohen*); *In re Goguen*, 691 F.3d 62, 67 (1st Cir. 2012) (costs are nondischargeable under *Cohen*).

"The holding and reasoning of *Cohen* applies to actions under § 523(a)(6)." *In re Pixley,* 504 B.R. 852, 870 (Bankr. E.D. Mich. 2014). *See also Suarez v. Barrett (In re Suarez)*, 400 B.R. 732, 738-739 (9th Cir. BAP 2009), *aff'd*, 529 Fed. Appx. 832 (9th Cir. 2013); *In re Musgrave*, 2011 WL 312883 (10th Cir. BAP 2011); *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 309 (6th Cir. BAP 2004); *DirecTV, Inc. v. Karpinsky (In re Karpinsky)*, 328 B.R. 516, 527-528 (Bankr. E.D. Mich. 2005); *Nolan v. Smith (In re Smith)*, 321 B.R. 542, 548 (Bankr. D. Colo. 2005); *Lopez Roofing Service v. Baker (In re Baker),* 2014 WL 948656, *3 (Bankr. D.N.M. 2014).

When applying issue preclusion to damage awards, courts are careful to ensure that all damages arise solely from the prohibited § 523(a) conduct. *See Jendusa–Nicolai v. Larsen,* 677 F.3d 320, 322 (7th Cir. 2012) (punitive damages and damages for loss of consortium were nondischargeable under § 523(a)(6) because they were "derivative from the injury that the debtor committed intentionally"); *Taylor v. Snyder (In re Snyder)*, 542 B.R. 429, 438 (Bankr. N.D. Ill. 2015) (only damages that "are derivative from and solely relate to the judgment for slander of title" are nondischargeable under § 523(a)(6)); *In re McNallen*, 62 F.3d 619, 627 (4th Cir. 1995) (entire damage award had preclusive effect because "the conduct giving rise to the award of punitive damages sprang from the same [fraudulent] conduct giving rise to compensatory damages").

Issue preclusion typically is not applied where multiple theories are asserted and the damages cannot be traced to any § 523(a) claims. *See, e.g., In re Webb*, 2009 WL 1139548, *9 (Bankr. N.D. W. Va. 2009) ("fully-litigated judgments based on multiple but unspecified claims

-6-

are not issue preclusive on any particular claim"); *In re Lew*, 2011 WL 5836481, at *4 (Bankr. S.D.N.Y. 2011) (declining to give preclusive effect to judgment that "recites multiple, independently adequate grounds and awards general damages"); *In re Houser*, 458 B.R. 771, 778-779 (Bankr. N.D. Ga. 2011) (punitive damages award was not given preclusive effect in § 523(a)(6) action, as it was based on two alternative theories, only one of which required specific intent to harm).

D. The Judgment. The Judgment relates only to Defendant's false lien filings, which were the sole focus of the trial. Based on the Judgment, the Court determined that Defendant was liable to Plaintiffs for fraud and willful and malicious injury within the meaning of §§ 523(a)(2)(A) and 523(a)(6). The supplemental record makes clear that all damages awarded in the Judgment derive from, and solely relate to, Defendant's fraud and/or willful and malicious injury to Plaintiffs' property stemming from the false lien claims. The entire damage award ($84,763.69, plus interest) therefore is nondischargeable.

E. Additional Compensatory Damages Will Not be Awarded. Finally, Plaintiffs ask the Court to increase the compensatory damages by $52.95, which represents additional costs they discovered after the Judgment was entered. This request is denied. The Court is giving preclusive effect to the entire Judgment, including the determination that Plaintiffs suffered $9,763.69 in actual damages and $75,000 in punitive damages. When the elements of issue preclusion are met, both the Court and the parties are prevented from revisiting the precluded issues. On occasion this prohibition can be vexing, e.g., when the Court is required to declare nondischargeable judgments that seem very high compared to the harm suffered. The Court's opinion about the proper amount of the judgment does not matter; if preclusion principles apply, the Court is bound, and so are the parties.

III.     CONCLUSION

The entire Judgment is nondischargeable under §§ 523(a)(2)(A) and 523(a)(6).  The Court will enter a separate judgment in favor of Plaintiffs.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: April 14, 2016

Copies to:

Leslie Maxwell
500 Marquette Ave., Suite 650
Albuquerque, NM 87102

David A. Spencer
3318 Ciniza Dr.
Gallup, NM 87301